IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:19cr431-MHT |
| | ) | (WO) |
| CHRISTOPHER HARDY | ) | |

OPINION AND ORDER

This case is before the court on defendant Christopher Hardy's motion to continue his trial. For the reasons set forth below, the court finds that Hardy's trial, now set for May 11, 2020, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or

>           indictment, or from the date the
>           defendant has appeared before a
>           judicial officer of the court in which
>           such charge is pending, whichever date
>           last occurs."

§ 3161(c)(1).  The Act excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

   The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Hardy in a speedy trial. Due to the ongoing pandemic, defense counsel is facing great difficulty in investigating the case, and she

needs additional time to investigate and research factual and legal issues.  In addition, defense counsel seeks more time to complete negotiations with the government that may render a trial unnecessary.  The court finds that a continuance is necessary to allow the attorneys sufficient time for effective preparation of the case.  Further, there is no objection from the government regarding Hardy's request.

The jury selection and trial of this case will therefore be continued.

***

Accordingly, it is ORDERED as follows:

(1) The motion to continue the trial (doc. no. 14) is granted.

(2) The jury selection and trial for defendant Christopher Hardy, now set for May 11, 2020, are continued until June 15, 2020, at 10:00 a.m., in the Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

4

The United States Magistrate Judge shall conduct a pretrial conference prior to the June 15 trial term.

DONE, this the 23rd day of April, 2020.

                              /s/ Myron H. Thompson
                          **UNITED STATES DISTRICT JUDGE**